IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JERMAINE CRUMP**                                                            **PLAINTIFF**

**v.**                                                            **No. 3:23CV204-RP**

**JOHN W. CHAMPION, ET AL.**                                   **DEFENDANTS**

**ORDER DISMISSING CASE AS FRIVOLOUS**

This matter comes before the court after the plaintiff's response to the court's November 27, 2023, order for the plaintiff to show cause why the instant case should not be dismissed as frivolous. In his response, the plaintiff merely restated various claims found in his pleadings and briefs, and, as discussed below, these claims are frivolous.

Mr. Crump is adamant that he wishes to proceed with this case under 42 U.S.C. § 1983 – and under Mississippi's Wrongful Conviction statute, Miss. Code Ann. § 11-44-3. However, in addition to money damages, he has requested the "disqualification [of his] conviction and sentence." Doc. 1 at 5. Indeed, he devoted nearly all of the 349 pages of his pleadings and briefs to challenging the validity of his conviction for murder – a type of claim that cannot be brought under § 1983, but must, instead, be brought in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[1] Nonetheless, though a federal court must construe *pro se* pleadings liberally, the court may not construe such pleadings in a way contrary to the litigant's express wishes. *Haines v. Kerner*, 404 U.S. 519 (1972). As such, the court will discuss the claims in the instant case

---

[1] In the Fifth Circuit, *habeas corpus* petitions are the "exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *See Heck v. Humphrey,* 512 U.S. 477, 481, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also Edge v. Stalder*, 240 F.3d 1074 (5th Cir. 2000).

under 42 U.S.C. § 1983 and Miss. Code Ann. § 11-44-3, as Mr. Crump has presented them.[2]

### *Heck v. Humphrey*

The plaintiff's § 1983 claims are barred under the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). In that case the Supreme Court clarified the interplay between actions under 42 U.S.C. § 1983 and *habeas corpus* proceedings. A § 1983 claim for damages that calls into question the lawfulness of conviction or confinement or otherwise demonstrates the invalidity of the conviction or confinement is not cognizable under § 1983 until such time as the plaintiff is able to

> prove that the conviction or sentence has been *reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus*, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck v. Humphrey*, 114 S. Ct. at 2372; *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). Only if the court finds that the plaintiff's § 1983 suit, even if successful, "will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff," should the § 1983 action be allowed to proceed. *See Mackey v. Dickson*, 47 F.3d 744, 746 (5th Cir. 1995).

In this case, the plaintiff's success in his claim for damages against the defendants would necessarily draw into question the validity of his conviction or sentence. *See* Doc. 1 at 12 ("Crump never challenge[d] his conviction and sentence *until now*...." (emphasis added). Crump must therefore "demonstrate that the conviction or sentence has already been invalidated"

---

[2] In any event, if the case were to proceed as a *habeas corpus* petition, it would be successive, as the court has denied a previous petition challenging the same conviction, and this court would not have jurisdiction over the case. *See* 28 U.S.C. § 2244(b)(3)(A); (petitioner must first obtain permission from the Court of Appeals to proceed with a successive *habeas corpus* action) *Crump v. Errington*, 3:18CV214-SA-RP (N.D. Miss.) (original petition challenging Crump's murder conviction).

in order for the § 1983 cause of action to accrue. *Heck*, 114 S. Ct. at 2372. He has made no such showing; as such, his claims under 42 U.S.C. § 1983 in this case will be dismissed as frivolous under 28 U.S.C. § 1915(d), as they are based upon a meritless legal theory. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

### Claims Under Mississippi's Statute for Compensating Those Who Were Wrongfully Convicted

Mr. Crump also seeks relief under Miss. Code Ann. § 11-44-3, Mississippi's Wrongful Conviction Statute – a state statute creating a means, under limited circumstances, for the State to compensate persons who have been wrongfully convicted and incarcerated. To the extent that the court might exercise supplemental jurisdiction over this state law claim under 28 U.S.C. § 1367, the Wrongful Conviction Statute does not apply to Mr. Crump's case. In order to qualify for relief under that statute, he would have to show that "[o]n grounds not inconsistent with innocence" his conviction has been overturned, either through its vacatur or a pardon. Miss. Code Ann. § 11-44-3. He has provided no documents to show that his conviction has been overturned, and his continued incarceration on the murder charge at issue suggests that the conviction stands. As such, Crump's state law claims under the Mississippi's Wrongful Conviction statute will also be dismissed as frivolous.

### Conclusion

The plaintiff's allegations challenging the validity of his conviction and sentence, as well as those regarding compensation for being wrongfully convicted are **DISMISSED** with prejudice as frivolous. This dismissal counts as a **"STRIKE"** under 28 U.S.C. § 1915(g).

**SO ORDERED**, this, the 6th day of May, 2024.

/s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE